UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD SATISH EMRIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-00110-CVE-JFJ |
| ) | |
| SEAN "P. DIDDY" COMBS, ) | |
| BAD BOY ENTERTAINMENT, and ) | |
| ATLANTIC RECORDS ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On March 12, 2024, plaintiff Ronald Satish Emrit filed a pro se complaint (Dkt. # 2) and a motion to proceed in forma pauperis (Dkt. #3). The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff seeks $45,000,000 in punitive and compensatory damages "for the torts of public nuisance, tortious interference with business relations, and products liability." Dkt. # 2, at 7. He alleges that defendant

Sean "P. Diddy" Combs' "billboards for Ciroc on streets an [sic] highways are an 'eye sore' and public nuisance given his newfound status as a sexual predator," that "all three defendants have committed the tortious interference with business relations by continuing to enable a sexual predator," and that "all three defendants have committed the products liability torts of design defect and/or manufacturing defect through strict liability and/or negligence by the negligent entrustment of allowing [P. Diddy] to represent Ciroc vodka . . . ." Dkt. # 2, at 6. None of the events alleged in the complaint transpired in, nor had any relation to, Oklahoma. Further, plaintiff does not allege that any party has any connection to Oklahoma. Plaintiff instead states that the "U.S. District Court for the District of Eastern Pennsylvania" has jurisdiction over the matter and that venue in that district is proper.

Venue is not proper in this district and plaintiff's action should be dismissed. The Tenth Circuit has stated that, in the "context of affirmative defenses . . . *sua sponte* dismissal on such grounds should be 'reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense,'" and that the "same caution applies to *sua sponte* dismissals for lack of personal jurisdiction and improper venue." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting Fratus v. DeLand, 49 F.3d 673, 676 (10th Cir. 1995)). "Accordingly, under [28 U.S.C.] § 1915, the district court may consider personal jurisdiction and venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Trujillo, 465 F.3d at 1217 (quotations omitted). "[T]he district court may dismiss under § 1915 only if it is clear that the plaintiff can allege no set of facts to support personal jurisdiction or venue." Id. (quotations and alterations omitted); see also Fratus v. DeLand, 49 F.3d 673, 676 (10th Cir. 1995) ("Section 1915 dismissal on the basis of an affirmative defense which the district

court raises *sua sponte* is reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense."); Johnson v. Christopher, 233 F. App'x 852, 853 (10th Cir. 2007)[1] (acknowledging a "district court's authority under 28 U.S.C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue" and quoting Trujillo, 465 F.3d at 1217 for the proposition that "[t]his procedure is appropriate where 'the defense is obvious from the facts of the complaint and no further factual record is required to be developed,' and 'only if it is clear that the plaintiff can allege no set of facts to support . . . venue'" (quotations and omissions in original)).  This is one such case.  The Court finds that venue is clearly inappropriate in the Northern District of Oklahoma because no party resides in this district and no events are alleged to have occurred in this district, and plaintiff himself agrees that venue is proper elsewhere.  See 28 U.S.C. § 1391(b).

The Court notes it has discretion not only to dismiss plaintiff's action but also to transfer it to a different venue.  See 28 U.S.C §§ 1404, 1406; Doering ex rel. Barrett v. Copper Mtn., Inc., 259 F.3d 1202, 1209 n. 3 (10th Cir.2001) ("The district court had the authority either to dismiss or transfer the case for improper venue or lack of personal jurisdiction."). However, "[s]ection 1406(a) indicates that the district court 'shall dismiss' a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer." Johnson, 233 F. App'x at 854.  Here, the Court finds that the interests of justice would not be served by transfer.  As previously noted, not only did plaintiff file this action in an obviously improper venue, but also it is likely frivolous and without

---

[1] This unpublished opinion is not precedential, but may be cited for its persuasive value.  See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

merit.² Moreover, defendant has been subjected to filing restrictions in the Eastern District of Pennsylvania after initiating frivolous suits that mirror the instant case. See Emrit v. Combs et al., 13-CV-4471-NIQA (E.D. Pa. Feb. 26, 2024). There is no reason to believe plaintiff will suffer any injustice from this dismissal rather than a transfer. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (recognizing the loss of "a substantial part of [plaintiff's] cause of action under the statute of limitations" as a "typical example of the problem [Congress] sought to [avoid]" in enacting § 1406). Therefore, plaintiff's complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice** for improper venue. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **moot**.

**DATED** this 20th day of March, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

² Plaintiff has filed numerous lawsuits in federal district courts across the country: he has initiated at least eleven cases in the Southern District of New York; at least sixteen cases in the District of Maryland; at least twelve cases in the Middle District of Florida; at least seven cases in the Eastern District of Pennsylvania; and one prior case here. See, e.g., Emrit v. Hagerstown Hous. Auth., No. CV ELH-22-3145, 2022 WL 17552533, at *2 (D. Md. Dec. 8, 2022), aff'd, No. 23-1025, 2023 WL 3073622 (4th Cir. Apr. 25, 2023) ("Plaintiff has filed complaints similar to this one in other federal district courts across the country.") The Court advises plaintiff that should he continue to file frivolous suits in this district, he may be subject to filing restrictions in the future.